Eric Martin, California Bar No. 330534
Helen C. Looney, California Bar No. 324725
**BRYAN CAVE LEIGHTON PAISNER LLP**
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4070
Telephone:   (415) 675-3400
Facsimile:   (415) 675-3434
E-Mail:   eric.martin@bclplaw.com
          helen.looney@bclplaw.com

Attorneys for Petitioner
LPL FINANCIAL LLC

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| LPL FINANCIAL LLC,<br><br>    Petitioner,<br><br>    v.<br><br>BRADLEY EVERETT GARDNER,<br><br>    Respondent. | Case No.:<br><br>**PETITION TO CONFIRM ARBITRATION AWARD; REQUEST FOR ENTRY OF JUDGMENT**<br><br>[Filed concurrently with Notice of Motion and Motion to Confirm Arbitration Award; Notice of Lodgment; Declaration of Brad Jacobs; [Proposed] Judgment] |

Pursuant to Federal Arbitration Act, 9 U.S.C. § 2, *et seq.*, ("FAA"), LPL Financial LLC ("Petitioner") hereby petitions this Court to confirm the Arbitrator's Award of Damages and Attorney Fees and Costs rendered March 19, 2021 ("Award"), and enter judgment in favor of Petitioner and against Respondent Bradley Everett Gardner ("Respondent" or "Gardner"). In support of this Petition, Petitioner submits the concurrently filed Notice of Motion and Motion to Confirm Arbitration Award and Memorandum in Support, Notice of Lodgment and Exhibits A-F lodged therewith, and Declaration of Brad Jacobs, and alleges as follows:

**JURISDICTIONAL ALLEGATIONS**

1. This Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. § 1332, in that the parties are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. LPL Financial LLC is a limited liability corporation. For the purposes of diversity jurisdiction, an LLC "is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). "An LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction. *Buschman v. Anesthesia Business Consultants LLC*, 42 Supp. 3d 1244, 1248 (N.D. Cal. 2014); *Tele Munchen Fernseh GMBH & Co. Produktionsgesellschaft v. Alliance Atlantis Int'l Distrib. LLC*, 2013 WL 6055328, at *4 (C.D. Cal. Nov. 15, 2013).

2. LPL Financial LLC is a wholly owned subsidiary of LPL Holdings, Inc., a Massachusetts holding corporation with its principal place of business in Massachusetts. Therefore LPL Financial LLC is a citizen of Massachusetts for the purposes of diversity jurisdiction.

3. Respondent Bradley Gardner is an individual who resides at 215 N. Whipple St., Fort Bragg, CA 95437, and therefore is a California citizen.

4. This Court also has jurisdiction of this matter pursuant to 9 U.S.C. § 9, in that the parties acted in accordance with a written agreement to arbitrate this matter before the Financial Industry Regulatory Association ("FINRA"), and that arbitration took place in San Francisco, California (the "Arbitration"). The parties' agreement to arbitrate (the "Arbitration Agreement") provides that "judgment on the award rendered by the arbitrator(s) may be entered in any court

Bryan CaveLeighton PaisnerLLP
120 Broadway, Suite 300
Santa Monica, California 90402386

having jurisdiction thereof." (*See* Promissory Note, a true and accurate copy of which is attached to the Notice of Lodgment ("NOL") as **Exhibit A**, at page 3). 9 U.S.C. § 9 provides that if, as here, "no court is specified in the agreement of the parties" then an application to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made." 9 U.S.C. § 9.

5.  Venue for this Petition is proper in the Northern District of California because the Arbitration Award was rendered in this judicial district. The Arbitration of this matter was administered out of and heard in San Francisco, California. (*See* Final Arbitration Award, a true and accurate copy of which is attached as **Exhibit H** to the NOL, at p. 1, ("Hearing Site: San Francisco, California")).

## INTRODUCTION

6.  The underlying dispute concerns amounts owed under two agreements between Petitioner and Respondent.

7.  On or about March 17, 2016, Petitioner and Respondent entered into a Term Commitment Note (the "Note"), under which Respondent borrowed $100,000.00 from Petitioner. (*See* NOL, Exhibit A). Pursuant to the terms of the Note, in the event of default, the entire balance would become due, and interest would continue to accrue on any unpaid principal at a rate of 6.50% per annum from the date of default until such time as payment is received. (*Id*. at page 1). It also provided that the Respondent would pay the full amount of any costs and expenses, including attorneys' fees, incurred by Petition in connection with the enforcement of the Note or the prosecution or defense of any action related to the Note. (*Id*. at page 3). Finally, the Note included an arbitration agreement ("Arbitration Agreement") wherein Respondent agreed that any claim or controversy arising out of or relating to the Note would be submitted to arbitration before the Financial Industry Regulatory Authority, and that "judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof." (*Id.*)

8.  Years earlier, on or about February 27, 2012, Respondent and Petitioner had entered into a Representative Agreement which provided for certain fees and costs owed by Respondent to

Petitioner (the "Representative Agreement"). (A true and accurate copy of the Representative Agreement is attached to the NOL as **Exhibit B**). Under this agreement, Respondent also agreed to pay interest at the prime rate plus 2% per annum on any outstanding fees and to pay any costs incurred by Petitioner to collect such fees, including but not limited to attorneys' fees. (*Id.* at ¶¶ 2(A) and 2(E)). The agreement also provided that "[i]f any legal action is necessary to enforce any of the terms of this Agreement, the prevailing party shall be entitled to reasonable attorney's fees in addition to any other relief to which he/she may be entitled." (*Id.* at ¶ 7(B)). Finally, the Representative Agreement also included an arbitration provision, wherein Respondent expressly agreed to "submit to final and binding arbitration before FINRA any and all disputes, claims or controversies relating to [Respondent]'s association with or termination from [Petitioner]" and that "[s]uch disputes, claims, controversies shall be arbitrated in accordance with FINRA rules." (*Id.* at ¶ 7(C)).

9. On September 19, 2016, Respondent voluntarily terminated his independent contractor affiliation with Petitioner. (Declaration of Brad Jacobs ("Jacobs Decl.") at ¶ 6). Upon that termination, the entire balance of the Note and the Representative Agreement became due. (*Id.*; *See also* NOL, Exhibit A at pages 1-2).

10. To date, Respondent has not paid these amounts to Petitioner. (Jacobs Decl. at ¶ 6).

**RELEVANT PROCEDURAL HISTORY**

11. On September 1, 2020, Petitioner filed a Statement of Claim with FINRA initiating the Arbitration. (A true and accurate copy of the Statement of Claim is attached to the NOL at **Exhibit C**).

12. Starting September 3, 2020, FINRA made multiple attempts to serve Respondent with the Arbitration Claim Service Packet, including a Service Letter and the Statement of Claim in that FINRA proceeding. (Jacobs Decl. at ¶¶ 8-11) (True and accurate copies of the letters regarding attempted service are attached to the NOL at **Exhibits D-G**).

13. The Arbitrator assigned to the case was Jeffrey M. Allen. (Jacobs Decl. at ¶ 12) (*See* NOL Exhibit H, at page 2).

14. Respondent did not file a Statement of Answer. (Jacobs Decl. at ¶ 13) (*See* NOL Exhibit H, at page 2). The Arbitrator determined that Respondent was served with the Claim Notification letter dated September 18, 2020 by regular mail and FedEx, as evidenced by the FedEx tracking information available online, and an Overdue Notice (which included the Statement of Claim) dated September 18, 2020 by regular mail and FedEx, as evidenced by the FedEx tracking information available online. (*Id.*) The Arbitrator also determined that Respondent was served with the Notification of Arbitrator dated November 11, 2020 by regular mail and FedEx, as evidenced by the FedEx tracking information available online. (*Id.*)

15. On March 19, 2021, the FINRA arbitrator entered the Final Arbitration Award in Petitioner's favor, which ruled upon all outstanding issues in the Arbitration. (Jacobs Decl. at ¶ 14; NOL Exhibit H, generally ).

16. The Final Arbitration Award determined that Respondent must pay Petitioner the principal balance of $77,059.89 due under the Note and a balance of $17,531.12 in fees owed under the Representative Agreement, totaling $94,591.01 (collectively, the "Compensatory Damages"); interest at a rate of 6.50% per annum on the balance due under the Note from September 19, 2017 to March 2, 2021; interest at 6.25% per annum on the balance due under the Representative Agreement from September 19, 2017 to March 2, 2021; post-Award interest at 6.50% per annum on the Compensatory Damages from March 3, 2021 until payment of the Compensatory Damages in full; $7,376.00 in attorneys' fees pursuant to the terms of the Note and the Agreement; $170.63 in costs; and $1,000.00 for reimbursement of the non-refundable FINRA Dispute Resolution Services filing fee. (*Id*. at page 2).

17. Upon information and belief, the Award was delivered to the Respondent within a reasonable time after March 19, 2021. (Jacobs Decl. at ¶ 15) (A true and accurate copy of the FINRA letter serving Respondent with the Award is attached to the NOL as **Exhibit I**).

18. On information and belief, Respondent has not applied to any court of competent jurisdiction to modify, correct or vacate the Award pursuant to 9 U.S.C. § 10 or Cal. Code Civ.

Proc. § 1285 within the three months provided by 9 U.S.C. § 12. (Jacobs Decl. at ¶ 17). Petitioner has not been served with or notified of any such application. (*Id*.). That time has expired.

### CONFIRMATION BY THIS COURT IS APPROPRIATE

19. This application is timely because it is filed within one (1) year after the Award was made, and Petitioner is thus entitled to confirmation of the Award per 9 U.S.C. § 9. Per the plain text of 9 U.S.C. § 9, a Court presented with an application to confirm an arbitration Award **must** grant such an order unless the Award is vacated, modified, or corrected.

20. Upon information and belief, Respondent has not applied to any court of competent jurisdiction to modify, correct or vacate the Award pursuant to 9 U.S.C. § 10 or Cal. Code Civ. Proc. § 1285. Petitioner has not been served with or notified of any such application.

21. No reasons exist for any party to seek to vacate, modify, or correct the Award. Indeed, such an application must be made within three months pursuant to 9 U.S.C. § 12. That time has expired, and as set forth above, upon information and belief, no such application was made or served.

### PRAYER

Petitioner prays that:

A. This Court enter an order confirming the Final Arbitration Award attached as Exhibit F to the Notice of Lodgment, as authorized by Section 9 of the FAA;

B. This Court enter judgment upon the Arbitration Award;

C. This Court award additional attorneys' fees and costs incurred in filing and arguing this Petition and the concurrently filed Notice of Motion and Motion to Confirm Arbitration Award, in accordance with the terms of the Note and the Representative Agreement; and

D. For any and all other relief that the Court deems just and proper.

Dated: January 4, 2022      **BRYAN CAVE LEIGHTON PAISNER LLP**


By: */s/ Eric Martin*
Eric Martin

Bryan CaveLeighton PaisnerLLP
120 Broadway, Suite 300
Santa Monica, California 90402386

USA.604323917.1/HCZ           5
PETITION TO CONFIRM ARBITRATION AWARD;
REQUEST FOR ENTRY OF JUDGMENT

Attorneys for Petitioner LPL Financial LLC

Bryan Cave Leighton Paisner LLP
120 Broadway, Suite 300
Santa Monica, California 90402386

USA.604323917.1/HCZ

6