UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LPL FINANCIAL, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>BRADLEY EVERETT GARDNER,<br><br>    Defendant. | Case No. 22-mc-80004-SI<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION CONFIRMING ARBITRATION AWARD**<br><br>Re: Dkt. No. 15 |

On April 15, 2022, Magistrate Judge Ryu issued a Report and Recommendation in the above-captioned case. Dkt. No. 15. Judge Ryu recommends granting LPL Financials' motion requesting confirmation of an arbitration award issued in LPL Financial's favor against Bradley Everett Gardner. The underlying dispute arose from Gardner owing money to LPL Financial under a "Term Commitment Note" and "Representative Agreement." *Id*. at 2-3. Pursuant to arbitration provisions in both agreements, an arbiter ruled in LPL Financial's favor on March 19, 2021, awarding $94,591.01 in "compensatory damages" in addition to various interest payments, costs, and attorneys' fees. *Id*. at 3.

Although Gardner was properly served with process throughout the arbitration, he did not file an initial answer or a subsequent appeal or objection to the arbitrator's decision. Nor did Gardner later apply to any court of competent jurisdiction to modify, correct, or vacate the arbitration award pursuant to 9 U.S.C. § 10 or Cal. Code Civ. Proc. § 1285. But on April 26, 2022, Gardner objected to Judge Ryu's Report and Recommendation, stating he "did not sign" the Term Commitment Note nor receive money under the Representative Agreement. Dkt. No. 18.

"In reviewing an arbitral award, 'courts do not sit to hear claims of factual or legal error by an arbitrator as an appellate court does in reviewing decisions of lower courts.'" *S. Cal. Gas Co. v.*

*Util. Workers Union of Am., Local 132, AFL–CIO*, 265 F.3d 787, 792 (9th Cir. 2001) (alterations omitted).  A federal court "must confirm an arbitration award 'unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of [the Federal Arbitration Act]." *Parkridge Ltd. v. Indyzen, Inc.*, No. 16-CV-07387-JSW, 2020 WL 12834398, at *2 (N.D. Cal. Mar. 2, 2020) (citing 9 U.S.C. § 9).  The argument raised in Gardner's objection is solely factual – it does not rest on any of the grounds enumerated in 9 U.S.C. §§ 10 or 11.  The objection thus fails to provide a proper basis to withhold confirmation of the award.  The Court has also reviewed the declaration accompanying LPL Financial's response, and concludes, based on the submitted materials, that there is no merit to Gardner's factual objection.

The Court thus **ADOPTS** the Report and Recommendation and **GRANTS** LPL Financial's motion to confirm the arbitration award.

**IT IS SO ORDERED**.

Dated: May 31, 2022

SUSAN ILLSTON
United States District Judge